```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


FIDELITY & DEPOSIT COMPANY      :   CIVIL NO. 1:05-CV-0461
OF MARYLAND and WAYPOINT        :
FINANCIAL CORPORATION,          :
                                :
              Plaintiffs        :   (Magistrate Judge Smyser)
                                :
        v.                      :
                                :
INTERNATIONAL BUSINESS          :
MACHINES CORPORATION,           :
                                :
              Defendant         :
```

**MEMORANDUM AND ORDER**

The plaintiff Waypoint Bank purchased an IBM computer. The computer allegedly malfunctioned. The malfunction allegedly caused a loss of electronic data. The plaintiffs' complaint is based upon this incident and the alleged loss of electronic data.

The plaintiffs seek compensation for service charges for restoration of the lost data. The amount of the loss is stated as $178,728.72. A count (I) is based upon a negligence theory, a count (II) is based upon a strict liability theory, and a count (III) is based upon a theory of a breach of implied and express warranties.

The defendant has by motion asked the court to dismiss Counts I and II on the grounds that only economic damages are involved here and on the grounds that the gist of this civil action is a breach of contract.

This case was initially brought in the Court of Common Pleas of Dauphin County and was removed to this court. A motion to remand to state court was denied. Defendant IBM was served on July 15, 2005.

The motion to dismiss the complaint now under consideration was filed on August 4, 2005. Doc. 25. A supporting brief was filed on August 8, 2005. Doc. 27. A brief in opposition was filed on August 19, 2005. Doc. 28. A reply brief was filed on September 2, 2005. Doc. 30.

The court has jurisdiction of this civil action under 28 U.S.C. § 1332. The parties agree that the applicable law is Pennsylvania law.

The issues presented by this motion are whether the economic loss doctrine requires that Count I and Count II be dismissed and, if not, whether the gist of the action doctrine requires dismissal.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no

actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

     The facts relevant to this motion, as alleged in the complaint, are that defendant International Business Machines Corporation manufactured a computer which was acquired by the plaintiff Waypoint Bank.  On October 8, 2002, there was a computer shut down and data stored in the AS400 computer was lost.  IBM acknowledged that the computer was defective and replaced it.  Waypoint incurred service charges of $178,728.72 for restoration of data.  Fidelity and Deposit Company of Maryland made payment, under Waypoint's policy of insurance with Fidelity and Deposit Company of Maryland, to Waypoint of $173,728.72. Waypoint sustained its (deductible) loss of $5,000.00.  The complaint avers that the plaintiffs' loss was

caused by the negligence, carelessness and other liability producing conduct of the defendant.

The defendant argues that the economic loss doctrine bars the tort claims stated in Counts I and II. The economic loss doctrine provides that where a product injures only itself, and not any person or other property, the loss is purely economic and any claim arising out of the loss sounds in contract and not in tort. *Lucker Mfg. v. Milwaukee Steel Foundry*, 777 F.Supp. 413, 415 (E.D. Pa. 1991), *appeal dismissed*, 983 F.2d 1051 (3d Cir. 1992); *Spivack v. Berks Ridge Corp., Inc.*, 586 A.2d 402, 405 (Pa. Super. Ct. 1990); *General Pub. Util. v. Glass Kitchens of Lancaster, Inc.*, 542 A.2d 567, 570 (Pa. Super. Ct. 1988). *See also East River S.S. Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858 (1986) (holding, under admiralty law, that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself.").

One of the rationales for the economic loss doctrine is that claims for only economic loss are appropriately brought as breach of contract or warranty claims rather than as tort claims. "[I]f a claim is in essence one arising from 'failed economic expectations,' i.e. expectations that the product would perform in the manner warranted, then tort recovery is inappropriate." *Wellsboro Hotel Co. v. Prins*, 894 F.Supp. 170,

4

175 (M.D. Pa. 1995)(McClure, J.). Another rationale of the economic loss doctrine is to avoid boundless litigation:

> To allow a cause of action for . . . purely economic loss would be to open the door to every person in the economic chain of the negligent person or business to bring a cause of action. Such an outstanding burden is clearly inappropriate and a danger to our economic system.

*Aikens v. Baltimore & Ohio R.R. Co.*, 501 A.2d 277, 279 (Pa. Super. Ct. 1985).

Although the Pennsylvania Supreme Court has not had the opportunity to decide whether it would accept the economic loss doctrine, both the Pennsylvania Superior Court and the United States Court of Appeals for the Third Circuit have predicted that the Pennsylvania Supreme Court would adopt the economic loss doctrine. *REM Coal Co., Inc. v. Clark Equip Co.*, 563 A.2d 128 (Pa. Super. Ct. 1989); *Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 117 (3d Cir. 1987), *cert. denied*, 484 U.S. 853 (1987).

The defendant's argument for the application of the economic loss doctrine is that the negligently manufactured or defective computer injured only itself in that the lost electronic data was integrated into the computer system so as to be a part of the computer itself and not other property. The point of disagreement of the parties in the application of the economic loss doctrine to this set of facts is whether the data stored in the computer is a part of the property (the computer) itself. In *REM Coal Co. v. Clark Equipment Co.,*

5

*supra,* the Court held that the economic loss doctrine bars a tort claim against a manufacturer of a product when the resulting damage is limited to the loss of the product itself. Both parties agree on the applicability of the *REM Coal* case and its rationale to this case.

The plaintiff asserts that it has found no Pennsylvania appellate decision holding that computer retained data is "integrated" into the computer such that it is deemed part of the product itself.  No Pennsylvania decision is cited, however, that holds that computer retained data is not "integrated" or that it is not a part of the product itself. We view the data entered into the computer to be a part of the computer and not a separate item of property.

The conceptualization of the data as other property, independent of the computer and merely being stored in the computer, calls out for a description of the nature and characteristics of the "other property."  The plaintiff has not undertaken in its brief to supply a definition or description of the data as property separate from the computer itself.  The plaintiff's analogy is to the contents of a building when the building is defectively constructed.  Such tangible contents, such as boxes stored in a warehouse, can be objectively defined and described as entities separate from the defective product. Computer retained data and programming has no tangible physical character and so can not be described in tangible physical terms.  Unlike tangible and separable physical property, data

6

entered into the computer is entered into the computer to become in a significant way a part of the computer, and to be in various ways transformed by the computer.  (The data in its form prior to entry, we note, may also be maintained in duplicate outside of the computer.)

      We consider the application of the economic loss doctrine to be correct because there is no way to establish the exact nature of the "other property" insofar as the "other property" is data stored in the computer.  This means that litigation involving the valuation of the lost property could be boundless and burdensome.  Where as here the data can be (and has been) restored, the cost of restoration is an appropriate part of breach of contract damages and moreover the process of restoration itself establishes the fact of loss.  If lost data is seen to give rise to a broader range of tort claim putative damages, the proof of the nature and value of this destroyed "other property" will give rise to very difficult proof and valuation problems.  Although neither party's brief addresses the nature and extent of monetary damages that the plaintiff may be claiming beyond the recovery of the cost of the computer and of restoring the lost data, the potential economic loss based upon lost computer data could in imaginable cases be great.

      We do not agree with the plaintiff that the stronger argument is that the data stored within a computer is not

7

integrated into the computer system so as to become part of the computer itself rather than other property.

The defendant argues that, alternatively, Counts I and II should be dismissed because the gist of this action lies in contract and not in tort.  This argument is not reached, because we have decided that Counts I and II must be dismissed under the economic loss doctrine.

For the reasons stated herein, **IT IS ORDERED** that the defendant's motion is **GRANTED** and that Counts I and II of the complaint are **DISMISSED.**

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:    October 19, 2005.